UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UBER TECHNOLOGIES, INC., WAGE
AND HOUR EMPLOYMENT PRACTICES
LITIGATION                                                                                          MDL No. 2686


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in one action in the Eastern District of New York (*Ogunmokun*) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, the Western District of Texas.[1] This litigation currently consists of seven actions pending in seven districts, as listed on Schedule A.[2] This litigation arises from the allegation that defendants Uber Technologies, Inc., and its subsidiary Rasier, LLC (collectively, Uber), misclassify Uber transportation providers as independent contractors instead of employees, fail to provide reimbursement of necessary business expenses, and withhold gratuities.

Plaintiffs in seven actions, including two potentially related actions, share counsel with movants and support the motion. They are joined by plaintiff in one other potentially related action in the Middle District of Florida (*Rimel*). Plaintiffs in the Northern District of California action on the motion (*O'Connor*) oppose centralization and, alternatively, request exclusion of *O'Connor* or centralization in their district. Additionally, plaintiffs in five potentially related actions oppose centralization or request exclusion of their actions.[3] The Uber defendants oppose centralization and, alternatively, request exclusion of *O'Connor* and centralization in a geographically central district. And Hirease, Inc., a defendant in two actions involving Uber's background check practices, requests exclusion of those actions.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Although these actions share certain factual issues regarding Uber's classification of drivers as independent contractors and its business practices concerning payment of gratuities and business expenses to drivers, the standards for determining whether independent contractors are

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Movants originally requested centralization in the Western District of Texas in the first instance, but subsequently changed their position in light of developments in the litigation.

[2] Since the filing of the motion, the Panel has been notified of ten potentially related actions.

[3] Some of those plaintiffs alternatively request the Northern District of California.

employees vary substantially from state to state and involve a broad range of factors which require consideration of distinct aspects of the alleged employer's relationship with plaintiffs.[4]  The record before the Panel indicates that, consequently, the determination of whether a plaintiff is an employee or independent contractor will rest on state-specific legal and factual inquiries that are not suitable for centralized pretrial proceedings.  Moreover, the seven actions on the motion involve non-overlapping certified and putative state-specific classes, which also are distinct from nearly all of the putative classes in the related actions before the Panel.  Denying centralization will keep the actions pending in the states where plaintiffs and the putative class members worked and where relevant witnesses and documents are likely to be found.

The circumstances of this litigation indicate that voluntary coordination is preferable to centralization.  Plaintiffs in six of the seven actions on the motion and two related actions are represented by the same counsel, and all of those actions are in their infancy.  The defendants are the same in all actions, and they have represented that, to the extent pretrial proceedings overlap, they are amenable to informal coordination. Given the limited number of involved counsel, informal coordination of discovery and pretrial motions should be practicable.[5]  Moreover, the sole action on the motion involving a different plaintiffs' counsel (*O'Connor*) is nearing the end of pretrial proceedings and thus, there is little, if any, discovery left to coordinate in that action.[6]

---

[4]  *See In re: DIRECTV, Inc., Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 84 F. Supp. 3d 1373, 1375  (J.P.M.L. 2015) ("The issue of whether an individual is an employee or independent contractor involves multiple factors, which require individualized inquiry.").

[5]  *See In re: SFPP, L.P., Railroad Property Rights Litig.*, — F. Supp. 3d —, 2015 WL 4879677, at *1 (J.P.M.L. Aug. 10, 2015) (denying centralization of litigation involving a total of fifteen actions where informal coordination was practicable "[g]iven the few involved counsel and limited number of actions").

[6]  In *O'Connor*, class discovery is complete, a statewide class has been certified, merits discovery closes within the next three months, and trial is scheduled for June 2016.  This substantial procedural disparity further weighs against centralization.  *See In re: CVS Caremark Corp., Wage and Hour Employment Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010).

-3-

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____Sarah Vance_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Lewis A. Kaplan
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

IN RE: UBER TECHNOLOGIES, INC., WAGE
AND HOUR EMPLOYMENT PRACTICES
LITIGATION                                                                                    MDL No. 2686

## SCHEDULE A

District of Arizona

SENA v. UBER TECHNOLOGIES INCORPORATED, ET AL., C.A. No. 2:15-02418

Northern District of California

O'CONNOR, ET AL. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:13-03826

District of Maryland

VARON v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:15-03650

Eastern District of New York

OGUNMOKUN, ET AL. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:15-06143

Eastern District of Pennsylvania

DINOFA v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 2:15-06121

Western District of Texas

MICHELETTI v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 5:15-01001

Western District of Washington

FISHER v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 2:15-01787